v.

### Herbert GRIDER.

Court of Appeals of Kentucky.

May 31, 1957.

### Edwin D. GREENWELL, Appellant,

v.

### U. B. SELLERS, Appellee.

Court of Appeals of Kentucky.

May 31, 1957.

Morris B. Borowitz, Louisville, for appellant.

Davis & Mahan, Louisville, for appellee.

CAMMACK, Judge.

Edwin Greenwell acquired an antiquated pistol from which one of the handles was missing. After trying several shops in Okalona, he went into Sellers' Hardware Store and asked whether gun handles were available. He was directed to the rear of the store, where Elby Tate, an employee of Sellers, managed a salvage department. In the course of inquiring about the gun's repair, Greenwell obtained some cartridges from Tate and loaded the clip of the automatic. The gun was dropped when it was being handed by Greenwell to Tate and it fired when it struck the floor. Greenwell was wounded in his left arm.

Greenwell brought an action for damages against Sellers. On the trial, under an instruction relieving Sellers of liability if Greenwell were negligent, and his negligence contributed to his injury, the jury found in favor of Sellers. From the judgment on that verdict, Greenwell is appealing.

Greenwell's only argument is that the evidence did not warrant an instruction on contributory negligence. He contends that the evidence shows that either he, or Tate, negligently dropped the gun, but that the record is devoid of evidence showing that the negligence of both operated to cause the injury. The record shows, however, that witnesses in rebuttal testified that Greenwell had stated after the accident, "I don't know which one dropped the gun," and that Tate had stated that he didn't know who was holding the gun when it fell to the floor. There would certainly be a valid legal inference that the gun was let fall while it was being passed from Greenwell to Tate, and that Greenwell released it before Tate had a firm grip. Sellers was entitled to have each theory of the case which supported his contention of nonliability submitted to the jury, including every factual situation inferable from the evidence. Stanley's Instructions to Juries (2nd Ed., 1957), Sec. 13. We find no error in the instruction toward which complaint is directed.

Judgment affirmed.